UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PREBEN V. JENSEN and MARY J. JENSEN, | § § § | No. SA:14-CV-784-DAE |
| Plaintiffs/Garnishors, | § § | |
| vs. | § § | |
| BANK OF AMERICA CORPORATION, N.A., and EDWARD D. JONES & CO., L.P., | § § § § § | |
| Defendants/Garnishees, | § | |

ORDER GRANTING APPLICATION FOR WRIT OF GARNISHMENT

On September 4, 2014, Plaintiffs/Garnishors Preben V. Jensen and Mary Jo Jensen ("Plaintiffs") filed an Application for Writ of Garnishment. (Dkt. # 1.) After careful consideration, the Court **GRANTS** Plaintiffs' Motion.

ANALYSIS

Plaintiffs have filed the instant Writ of Garnishment pursuant to Federal Rules of Civil Procedure 64 and 69, Texas Rule of Civil Procedure 658, and Texas Civil Practices and Remedies Code 63 to enforce a Judgment entered against Defendant Judy Rolligner in Case No. 5:13-CV-1095-DAE (the "underlying action"). (See Dkt. # 1 ¶ 1.)

1

Rule 64 of the Federal Rules of Civil Procedure provides:

> (a) **Remedies Under State Law—In General**. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> (b) **Specific Kinds of Remedies**. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: . . . garnishment . . . and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64. The Texas statute governing writs of garnishment is § 63.001 of the Texas Civil Practice and Remedies Code. Section 63.001(3) provides:

> A writ of garnishment is available if:
>  . . .
>
> (3) a plaintiff has a valid subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code § 63.001(3).

Here, in the underlying action, this clerk of the court entered a Default Judgment against Defendant Judy Rollinger in the amount of $96,000, plus costs and pre- and post- judgment interest. (Dkt. # 1, Ex. 1.) Plaintiffs have attached a copy of the Judgment against Defendant Rollinger in the underlying action, and have attached the affidavit of Plaintiff Preben V. Jensen who avers that the Judgment is valid and subsisting and remains unsatisfied. (Id., Ex. 2 ¶ 5.) Preben

2

Jensen also avers that, based upon Rollinger's representations during the underlying litigation, Rollinger does not possess property in Texas that is subject to execution sufficient to satisfy the unpaid debt.  (Id. ¶ 6.)  Finally, in his affidavit, Preben Jensen states that this garnishment is not sought to injure or harass Rollinger or any garnishees in this matter.  (Id., ¶ 7.)

Texas case law requires that the Texas garnishment statute be "strictly construe[d]."  Varner v. Koons, 888 S.W.2d 511, 512 (Tex. App. 1994).  Here, Plaintiffs have attached an affidavit attesting to the requirements necessary for the availability of a writ of garnishment under § 63.001(3).

Finding that Plaintiffs have met all the requirements of § 63.001(3) of the Texas Civil Practice and Remedies Code, the Court concludes that Plaintiffs have complied with the state's requirements for issuance of a writ of garnishment and are therefore entitled to such relief.

CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Writ of Garnishment (Dkt. #1) is **GRANTED**.

The Clerk of the Court shall issue Writs of Garnishment that command Garnishees Edward D. Jones & Co., L.P. and Bank of America, N.A., to appear as required by law and answer as to what property they have of Judgment Debtor Judy Rollinger, where that property was when the writ was served, and

what other persons, if any, within the Garnishee's knowledge, have effects of the Judgment Debtor.

The maximum value of the property or indebtedness that may be garnished may not exceed the amounts award in the Judgment—$96,000, plus costs and pre- and post- judgment interest.

IT IS SO ORDERED.

DATED: San Antonio, Texas, September 22, 2014.

_____
David Alan Ezra
Senior United States Distict Judge