IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Preben Jensen | § | |
| Mary Jo Jensen | § | |
| | § | Civil Action No. SA:14-CV-784-DAE |
| *Plaintiffs/Garnishors* | § | |
| v. | § | |
| | § | |
| Edward D. Jones & Co., L.P. | § | |
| Bank of America, N.A. | § | |
| | § | |
| *Defendants/Garnishees* | § | |
| | § | |

§ § § § § § § § § § § § §    §    § § § § § § § § § § § § § §

## UNOPPOSED[1] MOTION FOR ENTRY OF JUDGMENT AGAINST GARNISHOR EDWARD D. JONES & CO., L.P.

COME NOW, Garnishors Preben Jensen and Mary Jo Jensen ("Garnishors") and file this Motion for Entry of Judgment against Garnishee Edward D. Jones & Co., L.P (Edward Jones") pursuant to Rule 64 of the Federal Rules of Civil Procedure and Rule 668 of the Texas Rules of Civil Procedure, and in support of said motion state as follows:

1.      This is a garnishment action to enforce a judgment entered by this Court against Defendant Judy Rollinger in Case No. 5:13-cv-01095-DAE, for $96,000, plus costs and pre-judgment interest.

2.      Garnishee Edward D. Jones & Co., L.P., was served with a Writ of Garnishment in this matter (Dkt. # 9) by the U.S. Marshals for the Western District of Texas on November 25, 2014.

---

[1] The ultimate debtor, Rollinger, is aware of this case and has not made an appearance in any form, and the only Defendants in this action are a bank and a broker-dealer. This motion is only relevant to Defendant Edward Jones, who does not oppose the motion.

Dkt. # 10, Case No. SA:14-CV-784-DAE.

3.     Garnishee Edward Jones is indebted to and has effects belonging to the Judgment Debtor Judy Rollinger ("Rollinger)".  Dkt # 11, Answer of Garnishee Edward Jones.

4.     Edward Jones is indebted to and has effects belonging to the Judgment Debtor in four accounts, namely:

1. **Account number xxx-xxx12-1-1 ("the Cash Account")**

2. **Account number xxx-xxx57-1-7 (IRA # 1, "the 72(t) IRA")**

3. **Account number xxx-xxx45-1-5 (IRA # 2)**

4. **Account number xxx-xxx31-1-3  (IRA #3).**

5.     Pursuant to Tex. R. Civ. P. 668, when a garnishee is found to be indebted to the judgment debtor, "the court shall enter judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant [judgment debtor] from the garnishee", and therefore Plaintiffs are entitled to judgment against Garnishee Edward Jones.

6.     Three of Judgment Debtor's accounts with Edward Jones have been designated as "IRA" accounts.  Without waiving any rights or defenses afforded under law, plaintiffs concede that these IRA accounts ***may*** be retirement accounts exempt from ***non Rule B*** garnishment pursuant to Texas Property Code §42.0021.  As such, Plaintiffs reserve their rights to garnish those three accounts but decline to do so at this time.

7.     Judgment Debtor's Account number xxx-xxx12-1-1 is a cash account holding, as of December 15, 2014, approximately $17,612.33.  Dkt. # 11, Answer of Garnishee Edward Jones. Plaintiffs request judgment against Garnishee Edward Jones for all funds presently held in this account, up to the sum of $96,000, plus costs and pre- and post-judgment interest, but less Edward Jones' costs as set forth below.

8.      Judgment Debtor's Account number xxx-xxx57-1-7 is a "72(t) IRA" account, meaning that the owner has initiated a program of Substantially Equal Periodic Payments ("SEPPs") from her IRA in order to withdraw funds from the IRA without incurring tax penalties on such disbursements.  As a result, approximately $1,701.33 must be withdrawn from Judgment Debtor's 72(t) IRA account on a monthly basis to avoid incurring the tax penalty.  Case No. 5:13-cv-01095-DAE, Dkt. # 64, at ¶ 2.3.  Currently, these SEPPs are being transferred from the Judgment Debtor's 72(t) IRA account to Judgment Debtor's Cash Account under the Court's order dated September 24, 2014 in Case No. SA:13-CV-1095-DAE, Dkt. # 65, at p. 5.

9.      As Judgment Debtor's non-IRA accounts are insufficient to satisfy Plaintiffs' judgment, and as these monthly SEPPs will become garnishable assets as soon as they are disbursed from Judgment Debtor's IRA account to the Cash Account, Plaintiffs request that these disbursements be delivered to Plaintiffs until the judgment shall be satisfied.  Due to the ongoing nature of the relief sought as each SEPP is made, Garnishees request that the Court's judgment provide that Edward Jones must receive 10 business days' notice and opportunity to cure before Garnishees may initiate any contempt proceeding or seek other relief in the event that Edward Jones fails to pay the proceeds of any monthly SEPP distributions to Garnishees.

10.     Edward Jones is entitled to its costs, including attorney's fees, from the garnished property under Texas Rule of Civil Procedure 677.  Judgment Debtor and Edward Jones have stipulated to attorney's fees in the amount of $1,890 as a reasonable compensation to Edward Jones in this proceeding No. SA:14-CV-784-DAE under Rule 677.  Their stipulation is being filed with this motion (Dkt. # 12).

11.     Plaintiffs' counsel has conferred regarding this motion with counsel for Garnishee Edward Jones, who has indicated that Edward Jones does not oppose Plaintiffs' motion, provided

that Edward Jones is discharged from all liability to Plaintiffs and Judgment Debtor in connection with the writ, subject to Edward Jones' payment of account proceeds as provided under the Court's judgment.

WHEREFORE, Plaintiffs respectfully request this Court to GRANT Plaintiffs' Motion of Judgment according to the terms of the proposed order, together with such other and further relief which the Court may find just.

Respectfully Submitted,

___/s/_____
Wade B. Shelton
Shelton & Valadez PC
600 Navarro, ste. 500
San Antonio, TX 78205-1860
210-349-0515 (telephone)
210-349-3666 (facsimile)
wshelton@shelton-valadez.com
SBOT 18211800
Attorneys for Plaintiffs