UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PREBEN V. JENSEN and MARY J. JENSEN, | § § § | No. SA:14–CV–784–DAE |
| Plaintiffs/Garnishors, | § § | |
| vs. | § § | |
| EDWARD D. JONES & CO., L.P. et al., | § § § | |
| Defendants/Garnishees. | § | |

ORDER DENYING APPLICATION FOR WRIT OF GARNISHMENT

On September 4, 2015, Plaintiffs/Garnishors Preben V. Jensen and Mary Jo Jensen ("Plaintiffs") filed an Application for Writ of Garnishment. (Dkt. # 14.) After careful consideration, the Court **DENIES** Plaintiffs' Application for Writ of Garnishment (Dkt. # 14).

ANALYSIS

Plaintiffs have filed the instant Writ of Garnishment pursuant to Federal Rules of Civil Procedure 64 and 69, Texas Rule of Civil Procedure 658, and Texas Civil Practices and Remedies Code 63 to enforce a Judgment entered against Defendant Judy Rollinger ("Rollinger") in Cause No. 5:13-CV-1095-DAE (the "underlying action"). (See Dkt. # 14 ¶ 1.)

Rule 64 of the Federal Rules of Civil Procedure provides:

> (a) **Remedies Under State Law—In General**. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> (b) **Specific Kinds of Remedies**. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: . . . garnishment . . . and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64. Texas Civil Practice and Remedies Code § 63.001 governs writs of garnishment. Section 63.001(3) provides:

> A writ of garnishment is available if:
> . . .
>
> (3) a plaintiff has a valid subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code § 63.001(3).

Here, in the underlying action, the clerk of court entered a Default Judgment against Rollinger in the amount of $96,000, plus costs and pre- and post-judgment interest. (Dkt. # 14, Ex. 1.) Plaintiffs have attached a copy of the Judgment against Rollinger in the underlying action, and have also attached the affidavit of Plaintiff Preben V. Jensen ("Jensen") who avers that the Judgment is valid and subsisting and remains unsatisfied. (Id., Ex. 2 ¶ 5.) However, Jensen

fails to aver that, based upon Rollinger's representations during the underlying litigation, Rollinger does not possess property in Texas that is subject to execution sufficient to satisfy the unpaid debt.[1]

Texas case law requires that the Texas garnishment statute be "strictly construe[d]." Varner v. Koons, 888 S.W.2d 511, 512 (Tex. App. 1994). Because Plaintiffs have failed to meet all the requirements of § 63.001(3) of the Texas Civil Practice and Remedies Code, Plaintiffs have not complied with the state's requirements for issuance of a writ of garnishment and are therefore not entitled to such relief.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Application for Writ of Garnishment (Dkt. #14).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 8, 2015.

David Alan Ezra
Senior United States Distict Judge

---

[1] The Court notes that Plaintiffs claim in their Application that Jensen's affidavit includes the requisite information even though it does not. (Dkt. # 14 ¶ 11.)