UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PREBEN V. JENSEN and MARY J. JENSEN, | § § § | No. SA:14–CV–784–DAE |
| Plaintiffs/Garnishors, | § § | |
| vs. | § § | |
| EDWARD D. JONES & CO., L.P. et al., | § § § | |
| Defendants/Garnishees. | § § | |

ORDER GRANTING AMENDED APPLICATION FOR WRIT OF GARNISHMENT

On September 9, 2015, Plaintiffs/Garnishors Preben V. Jensen and Mary Jo Jensen ("Plaintiffs") filed an Amended Application for Writ of Garnishment. (Dkt. # 16.) After careful consideration, the Court **GRANTS** Plaintiffs' Amended Application for Writ of Garnishment (Dkt. # 16).

ANALYSIS

Plaintiffs have filed the instant Writ of Garnishment pursuant to Federal Rules of Civil Procedure 64 and 69, Texas Rule of Civil Procedure 658, and Texas Civil Practices and Remedies Code 63 to enforce a Judgment entered against Defendant Judy Rollinger ("Rollinger") in Cause No. 5:13-CV-1095-DAE (the "underlying action"). (See Dkt. # 16 ¶ 1.)

1

Rule 64 of the Federal Rules of Civil Procedure provides:

> (a) **Remedies Under State Law—In General**. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.
>
> (b) **Specific Kinds of Remedies**. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: . . . garnishment . . . and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64. Texas Civil Practice and Remedies Code § 63.001 governs writs of garnishment. Section 63.001(3) provides:

> A writ of garnishment is available if:
> . . .
>
> (3) a plaintiff has a valid subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code § 63.001(3).

Here, in the underlying action, the Clerk of Court entered a Default Judgment against Rollinger in the amount of $96,000, plus costs and pre- and post-judgment interest. (Dkt. # 16, Ex. 1.) Plaintiffs have attached a copy of the Judgment against Rollinger in the underlying action, and have also attached the affidavit of Plaintiff Preben V. Jensen ("Jensen") who avers that the Judgment is valid and subsisting and remains unsatisfied. (Id., Ex. 2 ¶ 5.) Jensen also avers

that, based upon Rollinger's representations during the underlying litigation, Rollinger does not possess property in Texas that is subject to execution sufficient to satisfy the unpaid debt. (Id., Ex. 2 ¶ 6.) Finally, Jensen avers that this garnishment is not sought to injure or harass Rollinger or any of the garnishees in this matter. (Id., Ex. 2 ¶ 7.)

Texas case law requires that the Texas garnishment statute be "strictly construe[d]." Varner v. Koons, 888 S.W.2d 511, 512 (Tex. App. 1994). Because Plaintiffs have met all of the requirements of § 63.001(3) of the Texas Civil Practice and Remedies Code, the Court concludes that Plaintiffs have complied with the state's requirements for issuance of a writ of garnishment and are therefore entitled to such relief.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Amended Application for Writ of Garnishment (Dkt. #16).

The Clerk of Court shall issue Writs of Garnishment that command Garnishees Citizens State Bank of Somerville and Royston, Rayzor, Vickery & Williams, LLP, to appear as required by law and answer under oath what property the Garnishees have of Judgment Debtor Judy Rollinger, where that property was when the writ was served, and what other persons, if any, within Garnishee's knowledge have effects of the Judgment Debtor.

The maximum value of property or indebtedness that may be garnished may not exceed the amounts awarded in the Judgment—$96,000 plus costs and pre- and post-judgment interest.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 21, 2015.

_____
David Alan Ezra
Senior United States Distict Judge